IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TROY CLARK, | § | |
|     Petitioner | § | |
| vs. | § | No. 2:03cv357 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Divisions, | | |
|     Respondent | § | |

## ORDER GRANTING MOTION FOR CERTIFICATE OF APPEALABILITY

This matter comes before the Court on Petitioner Troy Clark's Petition for Writ of *Habeas Corpus* filed on March 2, 2004. On September 19, 2007, the Court denied the Petition and granted the Respondent's Motion for Summary Judgment. On October 3, 2007, Petitioner filed a Notice of Appeal and Motion for Certificate of Appealability ("COA"). Under 28 U.S.C. § 2253, a petitioner may appeal from a final order denying his petition for writ of *habeas corpus* only if he has first been granted a certificate of appealability. To obtain a COA, a petitioner must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(1)(A). Specifically, a petitioner must demonstrate "that reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner has requested a COA on all of the claims he raised in his petition. In his first claim, Petitioner argues that his trial counsel failed to investigate or present evidence which

would have mitigated against the imposition of the death penalty. Specifically, Petitioner has shown that counsel failed to investigate Petitioner's family background or his social, medical, and mental history. This Court found that Petitioner did not satisfy his burden to show that he was prejudiced by his counsels' failure to present the mitigating evidence. It is undisputed that Petitioner had a horrific childhood mired by his mother's drug use, supported by prostitution, her incarceration throughout Petitioner's childhood, Petitioner's father's absence from his life, and physical abuse. Petitioner was virtually abandoned by his mother, passed off to various relatives and dragged around the country to live in very undesirable conditions where he was exposed to alcohol, drugs, and prostitution at an early age. Other courts have considered mitigating evidence of this nature and found that the petitioner was prejudiced by his counsel's failure to present the evidence to the jury. *Haliym v. Mitchell*, 492 F.3d 680, 718 (6th Cir. 2007) (abusive father, poor and violent household, drug use); *Karis v. Calderson*, 283 F.3d 1117, (9th Cir. 2002), *cert denied, Woodford v. Karis*, 539 U.S. 958 (2003) (severe beatings, watched mother abused by men). While no two cases will have identical mitigating evidence of a troubled childhood, this Court is persuaded that the evidence specific to this case is sufficient to cause reasonable jurists to debate whether the petition should have been resolved in a different manner. Accordingly, the Court will grant a COA on Petitioner's first claim.

As for his remaining claims, Petitioner adds nothing to the arguments made previously in his petition. He does not allege how this Court erred in its judgment, nor does he attempt to demonstrate how reasonable jurists could have resolved the petition in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Because Petitioner fails to make a substantial showing of the denial of a constitutional right, the Court

will deny his request for a COA on the remaining nine claims. *See* 28 U.S.C. § 2253(c)(1)(A).

Finding that only the first of the issues raised in Clark's petition is debatable among jurists of reason,

IT IS HEREBY ORDERED that Clark is GRANTED a certificate of appealability on his claim raising ineffective assistance of counsel for failure to investigate or present evidence which would have mitigated against the death penalty. A certificate of appealability is DENIED on the remaining claims.

SIGNED this 20th day of November, 2007.

_____
JUDGE T. JOHN WARD
UNITED STATES DISTRICT JUDGE